IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

EN PHAM                                                                                          PLAINTIFF

VS.                              CASE NO. 1:07CV0005 JMM

CHASE BANK USA, N.A.                                                                    DEFENDANT

**ORDER**

Pending before the Court are plaintiff's Motion to Dismiss Without Prejudice and defendant's Motion for Summary Judgment and to Confirm Arbitration Award. Defendant has filed an objection to plaintiff's Motion to Dismiss. Plaintiff has failed to respond to defendant's motions. For the reasons stated below, plaintiff's motion is denied (#22) and defendant's motions are granted (#29). The pending Motion to Continue Trial Date and Suspend Pre-Trial Deadlines is dismissed as moot (#32).

Plaintiff brought her complaint alleging a Truth in Lending Act claim and a breach of contract claim in the Circuit Court of Independence County, Arkansas. On February 16, 2007, defendant removed the complaint to this Court under 28 U.S.C. § 1331. Defendant filed its answer and a counterclaim seeking to confirm an Arbitration Award entered against plaintiff on October 5, 2006.

The following is undisputed. Plaintiff applied for and opened a credit card account with defendant in July of 2000 and was provided a copy of the Cardmember Agreement ("Agreement"). The Agreement provides for the payment of attorney's fees, court costs, and costs of collection.

The Agreement was amended in April of 2002 to include an Arbitration Agreement and she was provided a copy of the new Agreement which stated that she could reject the new terms. Plaintiff elected not to exercise her right to reject the Arbitration Agreement.

Plaintiff became delinquent on her account in October 2004. Plaintiff did not file a billing error notice on the account in question.

In August of 2006, defendant filed a claim with the National Arbitration Forum ("NAF") for plaintiff's account. Plaintiff was given notice of the claim, but failed to respond. In October of 2006, the NAF issued an award in favor of Chase for $16,402.87.

I. *Plaintiff's Motion to Dismiss*

Federal Rule of Civil Procedure Rule 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."

Here, plaintiff's ability to have her action dismissed without prejudice pursuant to Federal Rule of Civil Procedure Rule 41(a) is foreclosed as the defendant filed a counterclaim prior to plaintiff's motion to dismiss and has objected to the dismissal. Fed.R.Civ.P. 41(a)(2).

While arguably the counterclaim to affirm the arbitration award could remain pending for independent adjudication, the Court finds that in this particular case, it would not be proper to allow plaintiff's claims to be dismissed without prejudice and, as stated below, will grant defendant's Motion for Summary Judgment.

II. *Defendant's Motion for Summary Judgment on Plaintiff's Complaint*

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds. *Iowa Coal Min. Co. v. Monroe County*, 257 F.3d 846, 852 (8th Cir.2001); Fed. R. Civ. P. 56.  The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Count I of plaintiff's complaint states that defendant violated the Truth in Lending Act by initiating collection actions against her after she filed her billing notice inquiry.  The Truth in Lending Act prohibits lenders from collecting money on an account without first answering any pending billing error inquiries on the account. *See* 15 U.S.C. § 1666(a).  The undisputed evidence is that defendant did not receive a billing notice inquiry on the account in question.

Count II states that defendant breached the Agreement by filing an arbitration claim without their having an agreement to arbitrate.  Contrary to plaintiff's contention, it is clear that an arbitration agreement did exist between plaintiff and defendant.

Count III states that plaintiff's right to due process has been violated based upon the arbitration award.  The Court has reviewed the evidence and finds that this claim to be without merit as there is no evidence that the NAF violated any of plaintiff's due process rights.

III. *Defendant's Counterclaim to Confirm the Arbitration Award*

The Arbitration Agreement between the parties provides that the Agreement will be governed by and enforced by the Federal Arbitration Act ("FAA").  Under the FAA an arbitration award may be set aside if certain conditions are met. *See* 9 U.S.C. § 10  (including corruption,

fraud, or undue means in the procurement of the award, or evident partiality or corruption, misconduct, or ultra vires acts by the arbitrators). Based upon the ruling on defendant's Motion for Summary Judgment, none of those conditions are applicable to this case and the arbitration award is confirmed. *See* 9 U.S.C. § 9 (Application to Confirm arbitration award may be filed in United States District Courts).

IV. *Conclusion*

Plaintiff's Motion to Dismiss is denied. Defendant's Motion for Summary Judgment on plaintiff's claims is granted and they are dismissed with prejudice. Defendant's Motion for Confirmation of the Arbitration Award is granted.

Based upon defendant's request and pursuant to the Agreement, defendant will be awarded reasonable attorney's fees for defending against plaintiff's complaint and for prosecuting its counter-claim. Defendant is directed to submit a fee application for consideration by the Court.

IT IS SO ORDERED THIS  7  day of   January  , 2008.

_____
James M. Moody
United States District Judge